370 So.2d 570 (1979)
STATE of Louisiana
v.
Curtis JACKSON.
No. 64460.
Supreme Court of Louisiana.
April 19, 1979.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Lombardino, Asst. Dist. Atty., for plaintiff-relator.
William J. O'Hara, III, Supervising Atty., New Orleans, James Bonfiglio, Student Practitioner, for defendant-respondent.
PER CURIAM.
Defendant Curtis Jackson was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. On April 17, 1979, his case came to trial and a jury of six was selected in conformity with law. La.Const.1974, Art. I, § 17; La.C.Cr.P. art. 782. Prior to the opening statements of counsel, the trial court called a recess in order to assess the impact of Burch v. Louisiana, ___ U.S.___, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), a decision which the United States Supreme Court had handed down that morning. On the following day, the state filed a request for a special jury instruction advising the jury that a unanimous verdict would be required to convict or acquit defendant. The trial court denied the request and the state applied to this Court for a writ of review, which we now grant.
Burch v. Louisiana, supra, held unconstitutional, as violative of the defendant's Sixth Amendment right to a jury trial, the provision of the Louisiana Constitution that "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict," Article I, Section 17 (emphasis supplied). The decision, while upholding the validity of the six person jury, requires a unanimous verdict in cases tried by that mode. Accordingly, the instruction requested by the state was correct and should be granted.
The ruling of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.