PER CURIAM.
Defendant Ernest J. Morgan was charged by grand jury indictment with negligent homicide in violation of La.R.S. 14:32. After trial by jury on May 30, 1978, he was found guilty as charged, five of the six jurors concurring in the verdict. The trial judge sentenced defendant to serve five (5) years at hard labor. Defendant has appealed his conviction and sentence to this Court relying on eleven assignments of error. Finding merit in assignment of error number seven relating to defendant’s conviction by a less than unanimous jury, we now reverse.
In Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 1625, 60 L.Ed.2d 96 (1980), the United States Supreme Court held “that conviction by a non-unanimous six[-person] jury in a state criminal trial for a non-petty offense deprivefd] [the] accused of his constitutional right to [a] jury by trial.” Subsequently, we held the rule of Burch should not be applied retroactively to juries empanelled prior to the date of the Burch decision on April 17, 1979. State v. Brown, 371 So.2d 746 (La.1979).* The Supreme Court has now overturned that decision. In Brown v. Louisiana, - U.S. -, 100 S.Ct. 2214, 2224, 65 L.Ed.2d 159 (1980), the *1180 Court has given retroactive effect to Burch for at least those cases on direct review “ . . .in which it can be shown that the vote was in fact less than unanimous.” **
The record in this case clearly indicates that defendant was convicted by vote of five of the six jurors. Accordingly, we reverse his conviction under Brown v. Louisiana, supra, and remand the case to the district court for a new trial.
REVERSED AND REMANDED.

 In State v. Jackson, 370 So.2d 570 (La.1979), we then held that despite the provisions of La. Const. 1974, Art. I, § 17 and La.C.Cr.P. Art. 782, Burch compelled unanimous verdicts in cases tried by six-person juries empanelled after the date of decision in that case. The legislature has amended La.C.Cr.P. Art. 782, Acts 1979, No. 56, § 2 to reflect the constitutional requirement of unanimity established by Burch.

 As we read the opinion in Brown, no clear majority of the Supreme Court has emerged on the question whether Burch should be given retroactive application to all cases in which the vote was less than unanimous, or only to those cases still open on direct appeal. Relying on the opinion in Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), the concurrences of Powell, J., and Stevens, J. in Brown suggest that retroactive application of Burch should be limited to the latter cases only. We do not reach that question here, as the present case is still on direct review. We think it is clear, however, that a majority of the Supreme Court requires retroactive application of Burch to at least those cases open on direct review, and have acted here accordingly.