PER CURIAM.
On August 23, 1978, after trial before a jury of six persons, defendant Darnell Brown was found guilty as charged of simple burglary, La.R.S. 14:62. The verdict was rendered by a vote of five to one. On appeal this Court affirmed the conviction, holding that although the United States Supreme Court had decided in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 1625, 60 L.Ed.2d 96 (1980) “that conviction by a non-unanimous six-person jury in a state criminal trial for a non-petty offense deprived the accused of his constitutional right to a jury trial,” the Burch rule should not be applied retroactively to juries em-panelled prior to the date of the Burch decision on April 17, 1979. State v. Brown, 371 So.2d 746 (La.1979). Upon application by defendant, the United States Supreme Court granted certiorari to review that holding, Brown v. Louisiana, 444 U.S. 990, 100 S.Ct. 520, 62 L.Ed.2d 419 (1979), and on June 16,1979, reversed the judgment of this Court and remanded the case “for further proceedings not inconsistent with this opinion.” Brown v. Louisiana, -U.S. -, 100 S.Ct. 2214, 2224, 65 L.Ed.2d 159 (1980).[1]
Accordingly, in compliance with the mandate of the Supreme Court of the United States, that conviction and sentence of defendant Brown are reversed and set aside, and the case is remanded to the district court for a new trial before a jury of six *1181 persons, with the jury to be instructed that the verdict rendered must be unanimous.[2]

. In its decision, the High Court has given retroactive effect to Burch for at least those cases on direct review “. . .in which it can be shown that the vote was in fact less than unanimous.” As we read the opinion, no clear majority of that Court has emerged on the question of whether Burch should be given retroactive application in all cases in which the vote was less than unanimous, or only to those cases still on direct appeal. Relying on the opinion in Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), the concurrences of Powell, J. and Stevens, J. suggest that retroactive application of Burch should be limited to the latter cases only. We do not reach that question here. See also State v. Morgan, 387 So.2d 1179 (La.1980), No. 66,668.

. In accordance with La.Const. Art. 1, § 17 (1974), the defendant may elect to waive his right to a trial by jury.