451 So.2d 1074 (1984)
STATE of Louisiana
v.
Darnell BROWN.
No. 83-KA-0579.
Supreme Court of Louisiana.
May 14, 1984.
*1076 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William Campbell, Asst. Dist. Atty., for plaintiff-appellee.
M. Craig Colwart, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
CALOGERO, Justice.
Defendant-appellant in this criminal prosecution attacks the trial court's overruling his motion to quash for the state's failure to commence his second trial timely. For the reasons which follow, this ruling will be reversed. The motion to quash is meritorious.
The history of this prosecution is a bit lengthy. On July 31, 1978, defendant Darnell Brown was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. By a five to one vote, a six person jury found him guilty as charged. Thereafter Brown was adjudicated a third felony offender and sentenced to twenty-two years at hard labor. On appeal, this Court affirmed. State v. Brown, 371 So.2d 746 (La.1979). Then defendant applied for, and was granted writs of certiorari, by the United States Supreme Court. Brown v. Louisiana, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980). In June of 1980, the United States Supreme Court reversed and remanded the case to this Court for further proceedings, for the reason that Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1980) was retroactively applicable to this Brown prosecution and that, thus, a five of six jury conviction of Brown was unconstitutional. Brown v. Louisiana, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980). (See appendix to this opinion.)
On remand, and acting on the mandate of the United States Supreme Court, this Court in a per curiam opinion ordered a new trial on September 12, 1980. State v. Brown, 387 So.2d 1180 (La.1980). In July, 1981, defendant Brown entered a plea of not guilty. On September 30, 1981, he filed a motion to quash based upon untimely prosecution. When the trial court denied that motion, defendant withdrew his former plea and entered a plea of guilty, reserving his right to appellate review of the denial of the motion. State v. Crosby, 338 *1077 So.2d 584 (La.1976). On December 17, 1981, defendant was sentenced to serve ten years at hard labor, with credit for time served. This appeal followed.
The procedural history of this case prior to this Court's action on September 12, 1980, is found in the appendix to this opinion.
The sole issue presented by this appeal is whether the defendant Darnell Brown's prosecution after the United States Supreme Court's reversal, and this Court's responsive judgment with remand to the district court for retrial, was untimely. La. C.Cr.P. art. 582 provides:
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578,[1] whichever is longer.
Defendant's alternate contention is that the state had to commence his second trial within one year from September 12, 1980, the date this Court handed down its per curiam opinion which remanded his case to the district court for a new trial.[2] The state on the other hand argues that the prescriptive period did not begin until October 31, 1980, the date of a district court minute entry in this case:
Louisiana Supreme Court, No. 63171. ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES. "CONVICTION AND SENTENCE REVERSED AND SET ASIDE AND REMANDED FOR A NEW TRIAL" Decree received and filed in record.
Then, argues the state, the prescriptive period was suspended when the defendant filed his motion to quash on September 30, 1981, until the trial court denied the motion on November 23, 1981, so that the defendant's subsequent guilty plea entered on December 17, 1981, was within the time limitations allowed for prosecution.
Neither defendant's September 12th contention, nor the state's October 31st contention, is correct. Nonetheless defendant's position on the expiration of the time limit within which to reprosecute prevails, for September 26, 1980, is the date from which to measure the one year. A litigant has fourteen days after judgment in this Court within which to apply for a rehearing. Supreme Court Rule IX (effective January 1, 1978); La.C.Cr.P. art. 922. And the judgment becomes final when the rehearing is denied, or the fourteen day period lapses without an application for rehearing. State v. Washington, 430 So.2d 641 at 645 (La.1983), citing State v. Washington, 386 So.2d 1368 (La.1980). In this case rehearing was not applied for after this Court ordered a new trial on September 12, 1980. Consequently, this Court's ordering, or granting, a new trial and remanding the case to the district court for that purpose became final fourteen days after rendition of that judgment.[3]State v. Lonigan, 298 So.2d 739 (La.1974). Adding one year (La.C.Cr.P. art. 582) and fourteen days (La.C.Cr.P. art. 922) to September 12, 1980, the state had until September *1078 26, 1981 in which to begin the second trial.
The state contends that prescription only began to run on October 31, 1980, because it was only on that day that the trial court was notified that a retrial was required.[4]
To so argue, the state relies upon La.C.Cr.P. art. 923 which provides:

When a decision of an appellate court becomes final, the clerk of court shall transmit a certified copy of the decree to the court from which the appeal was taken. When the judgment is received by the lower court, it shall be filed and executed. (Emphasis provided.)
Thus, reading together the provisions of La.C.Cr.P. arts. 916,[5] 922, supra, and 923, the state asserts that
... since the judgment of the Supreme Court did not become final until fourteen days after the rendition of its decree, and since the judgment could not have been executed prior to recordation on October 31, 1980, prescription could not have begun to run anew [until that date]." (Emphasis provided.)
We do not agree that La.C.Cr.P. art. 923 affects the starting time of the prescriptive period in La.C.Cr.P. art. 582.
In State v. Morgan, 306 So.2d 701 at 702 (La.1975), this Court stated that "[t]he word `execution' as it relates to criminal sentences, is defined as `the process of performing a judgment or sentence of a court.'" La.C.Cr.P. art. 923, then, is an article of implementation. The filing and execution of a judgment granting a new trial occurs after that new trial has been granted. La.C.Cr.P. art. 923 just addresses what shall be done once a judgment has been rendered: "it shall be filed and executed."
The prescriptive period in La.C.Cr.P. art. 582 does not begin only at the time the judgment is filed in the clerk's office. Were it so, the article would state as much. La.C.Cr.P. art. 582 recites, instead: "... the state must commence the second trial within one year from the date the new trial is granted. (Emphasis provided.) The two critical entities under the article are thus the state and the court which grants the new trial.
When a motion for a new trial is filed in the district court, the trial judge may grant the new trial, at which point the time begins to run under La.C.Cr.P. art. 582. Once the case is appealed, however, the trial court is without jurisdiction to entertain a motion for a new trial unless the case is remanded to that court for that purpose. La.C.Cr.P. art. 853; State v. Molinario, 383 So.2d 345 (La.1980). In the case of this defendant, Darnell Brown, the remand to the district court was not for the purpose of having the trial court entertain a motion for a new trial, but rather to conduct a new trial ordered by this Court. *1079 The trial court could not have denied the defendant a new trial at that juncture. The defendant had already been afforded relief in the form of a reversal and had been granted a new trial by this Court in keeping with its instructions from the United States Supreme Court. Because trial may not take place at the appellate level, the case was remanded to the district court for carrying out the judgment of this Court.
In summary, when a case on appeal is reversed and a new trial ordered as a result, the appellate court is the one granting the new trial and the prescriptive period set forth in La.C.Cr.P. art. 582 begins upon that court's judgment's becoming final, irrespective of any clerical or posting delays that may occur in the process of remanding the case back to the district court. Washington, supra; Lonigan, supra. We therefore conclude that the time to begin counting the one year period began on September 26, 1980, the date of finality of the judgment of this Court in State v. Brown, 387 So.2d 1180 (La.1980).
The state's failure to commence the defendant's second trial by September 26, 1981, does not fully resolve the matter, however. Prescription is interrupted if a defendant flees the jurisdiction with the purpose of avoiding detection, apprehension or prosecution. La.C.Cr.P. art. 579(1). The time limit may also be interrupted if a defendant's presence for trial cannot be obtained by legal process or for "any other cause beyond the control of the state." La.C.Cr.P. art. 579(2). Likewise, prescription is suspended where a defendant files motions to quash or "other preliminary plea[s]." La.C.Cr.P. art. 580.
Here, however, the defendant was at all pertinent times in the custody of the Department of Corrections at Angola. Thus, his presence for trial was available by legal process at the request of the state. As a matter of fact, the state filed one writ of habeas corpus ad prosequendum, which resulted in defendant's appearance for arraignment. Additionally, no motions were filed on his behalf which would have interrupted the running of the time limits for retrial. Darnell Brown filed a pro se motion to fix a trial date, but a defendant's action to set the case for trial does not interrupt the running of the prescriptive period within which the state is to commence trial. State v. Walgamotte, 415 So.2d 205 (La.1982).
The record clearly establishes that defendant filed no pre-trial motions which would have suspended the running of the time limit. The sole defense pleading filed from September 26, 1980 through September 26, 1981 was a pro se motion by defendant, petitioning the trial court to fix a date for his second trial. It was probably in response to this motion that the state filed a writ of habeas corpus ad prosequendum in July of 1981 (i.e., approximately ten months after this Court ordered a new trial). Defendant's presence was obtained, and he was arraigned on July 15, 1981. Thereafter, the record reflects that no other writs were filed by the state as would have been necessary to secure defendant's presence for retrial in New Orleans.
On September 30, 1981, after the expiration of the time period, defendant filed a motion to quash based on a claim of prescription.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La.C.Cr.P. arts. 581 and 532(7); State v. Taylor, 439 So.2d 410 (La.1983); State v. Walgamotte, 415 So.2d 205 (La.1982).
In Taylor (prosecution for second offense DWI), 439 So.2d at 412, this Court stated:
... Once a motion to quash has been filed for untimely prosecution the state is under a heavy burden to show a legal cause for the delay. State v. Nations, 420 So.2d 967 (La.1982); Walgamotte, supra; State v. Guidry, 395 So.2d 764 (La.1980); State v. DeVito, 391 So.2d 813 (La.1980) (On Rehearing); State v. Driever, 347 So.2d 1132 (La.1977).
*1080 In this case, the record is devoid of justifiable reason or excuse for delay on the part of the state.
The defendant was entitled to rely upon La.C.Cr.P. arts. 582 and 922 which, when read together, require the commencement of a second trial within one year from the date when the order for a new trial becomes final.[6] Defendant's motion to quash was meritorious and should have been granted by the trial court. Taylor, supra.

DECREE
For the foregoing reasons the trial court's denial of defendant's motion to quash the indictment is reversed. The defendant's motion to quash his indictment for simple burglary is sustained. The defendant is ordered released from any further detention or prosecution concerning this burglary charge.
REVERSED.

APPENDIX
The following facts are drawn from the various opinions in the case:
On July 20, 1978, defendant was apparently apprehended by police inside the residence of one Mrs. Dorsch. A back window had been broken and police found defendant packing Mrs. Dorsch's belongings into boxes and pillow cases. On July 31, 1978, he was charged by bill of information with simple burglary, La.R.S. 14:62. At the time of the offense, Louisiana's Constitution provided that such crimes should be tried by a jury of six, five of whom must concur to render a verdict.[1]
Prior to trial Brown filed a motion to quash the petit jury based on the contention that, should his jury return a less than unanimous verdict, his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution would be violated. The motion requested either a jury of twelve, or that the trial court require the unanimous vote of the six person panel. The court denied the motion,[2] and on August 23, 1978, defendant went to trial with a six person jury. That same day, by a five to one vote, defendant was convicted. Defendant renewed his opposition to the verdict in a motion for a new trial, which was denied. The state filed a multiple bill under La.R.S. 15:529.1 to which defendant entered a guilty plea. Thereafter, the trial court adjudicated Brown a third felony offender and sentenced him to twenty-two years at hard labor.
On April 17, 1979, one month before this Court considered Brown's appeal, the United States Supreme Court handed down its decision in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), sustaining challenges to provisions of Louisiana's Constitution and Code of Criminal Procedure which sanctioned convictions for non-petty offenses by a non-unanimous verdict of a six person jury.[3]
*1081 On May 21, 1979, this Court considered Brown's appeal in light of the then recent decision in Burch v. Louisiana, supra, and affirmed, reasoning that "the rule of Burch, supra, should not be applied retroactively to juries empaneled prior to the date of the Burch decision." State v. Brown, 371 So.2d 746 at 748 (La.1979).
Thereafter, defendant applied for and was granted writs by the United States Supreme Court. Brown v. Louisiana, 444 U.S. 990, 100 S.Ct. 520, 62 L.Ed.2d 419 (1979). On June 16, 1980, that Court rendered its decision, stating, "we think it apparent that the rationale behind the constitutional rule announced in Burch mandates its retroactive application." Brown v. Louisiana, 447 U.S. 323 at 332, 100 S.Ct. 2214 at 2221 (1980).
On remand here, this Court, on September 12, 1980, set aside Brown's 1978 conviction and sentence. State v. Brown, 387 So.2d 1180 (La.1980). The Court stated at 387 So.2d 1180-1181:
Accordingly, in compliance with the mandate of the Supreme Court of the United States, that conviction and sentence of defendant Brown are reversed and set aside, and the case is remanded to the district court for a new trial before a jury of six persons, with the jury to be instructed that the verdict should be unanimous.
NOTES
[1] La.C.Cr.P. art. 578 provides:

Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
[2] The defendant's outset contention was that the prescriptive period for the commencement of trial began with the date of the United States Supreme Court's action, and therefore the one year limitation within which to commence his second trial would have expired even earlier than September 12, 1981. This contention is wrong, if for no other reason than that the United States Supreme Court did not grant a new trial or order one, but merely sent the case back to this Court for "further proceedings consistent with this opinion."
[3] La.C.Cr.P. art. 922(B) in effect at that time provides

"A judgment rendered by the supreme court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made."
[4] The state's contention that it was not notified of this Court's action in this case until October 31, 1980, is puzzling, for the following reasons. The mandate from the United States Supreme Court was forwarded to this Court on July 28, 1980. On August 1, 1980, the Clerk of this Court forwarded a copy of that mandate with an appropriate cover letter to all parties involved: the Clerk of Criminal District Court; the judge of Criminal District Court, Division "F"; Orleans Parish District Attorney (attorney for the State of Louisiana) and attorneys for the defendant. On September 12, 1980, the per curiam opinion of this Court was issued. The practice in this Court at that time was to mail copies of the opinion when rendered to all interested parties, including the state. Then, after the expiration of the rehearing delays, the Clerk of this Court would mail to the clerk of the pertinent court, in this case the Criminal District Court for Orleans Parish, a notice of the finality of the judgment. The record of this case in this Court reflects that the finality of judgment notice was sent to the Clerk of Criminal District Court on October 3, 1980. Furthermore the certified copy of the trial court record lodged in this Court for purposes of this appeal evidences that a copy of this Court's decision in Brown, No. 63,171 [it is reported at 387 So.2d 1180 (La. 1980)], bears the stamp of the trial court's general docket clerk, her signature, and the date of "Oct. 3, 1980," as well as a handwritten entry "Filed 10-31-80," bearing illegible initials.
[5] La.C.Cr.P. art. 916 provides in pertinent part: "The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal."
[6] Two years from the date of the initial prosecution of Brown on simple burglary charges (July 31, 1978) had expired at the time this Court's judgment granting him a new trial became final (September 26, 1980) so that one year from this latter date was the longer time period and the appropriate one to apply under La.C.Cr.P. art. 582.
[1] La.Const. art. 1 § 17 provided, in pertinent part,

A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict.
Because the crime for which defendant was charged was punishable "with or without hard labor," under the then applicable law Brown was entitled to a six person jury, five of whom had to agree in order to convict.
[2] The motion to quash was grounded upon a claim under Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).
[3] In Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), (prosecution for two counts of exhibiting obscene motion pictures, La.R.S. 14:106(G), one defendant (Wrestle, Inc.) was convicted unanimously but the other (Burch) was convicted by a five to one vote. On appeal to this Court, the defendants argued that a conviction standing on a less than unanimous vote of a six person jury violated their federal constitutional rights under the Sixth and Fourteenth Amendments. This Court acknowledged that the issue was a close one, but nevertheless affirmed (with Dixon, C.J., dissenting).

The six-person jury will still presumably engage in the longer deliberations involving more communication that the court found adequately enhances greater verdict reliability and better community representation, despite (see Johnson) the elimination of the requirement for unanimity in verdict. Or at least this court, indulging in the presumption of federal constitutionality which must be afforded to provisions of our state constitution, so concludes as to this close issue. State v. Wrestle, 360 So.2d 831 (La.1978).
On writs to the United States Supreme Court, Wrestle, Inc. was found to lack standing. As to Burch, however, the Court agreed with his contention that a non-unanimous verdict of a six person panel violated an accused's right to a trial by jury. Stating that "it is inevitable that lines must be drawn somewhere ..." the Supreme Court reversed. 441 U.S. at 138, 99 S.Ct. at 1627.