STATE OF LOUISIANA
v.
BRIAN GUERIN.
No. 2007 KA 1429.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
DOUG MOREAU, AARON BROOKS, Attorneys for Appellee, State of Louisiana.
DIXIE TAYLOR, Attorney for Defendant/Appellant, Brian Guerin.
Before WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
Defendant, Brian Guerin, was originally charged by bill of information with attempted first degree murder (count one), a violation of LSA-R.S. 14:30 and 14:27; and illegal use of a weapon or dangerous instrumentality (count two), a violation of LSA-R.S. 14:94(B). Defendant entered a plea of not guilty to both charges. Count one was amended to charge the defendant with attempted second degree murder, a violation of LSA-R.S. 14:30.1 and 14:27. A jury convicted the defendant of the responsive offense of attempted manslaughter (a violation of LSA-R.S. 14:31 and 14:27) on count one and guilty as charged on count two.
In a previous opinion, State v. Guerin, XXXX-XXXX (La. App. 1st Cir. 2/9/07), 949 So. 2d 672 (unpublished), this Court affirmed defendant's convictions, but because of the existence of sentencing errors on both convictions, the sentences were vacated and the matter was remanded to the trial court for resentencing.
On March 12, 2007, prior to resentencing by the trial court, defendant filed a motion for new trial and post-verdict judgment of acquittal. Following a hearing, the trial court denied those motions and defendant waived all sentencing delays. The trial court sentenced defendant for his conviction for attempted manslaughter (count one) to ten years at hard labor, to be served concurrent to any other sentence. The trial court also sentenced defendant for his conviction for illegal use of a weapon to two years at hard labor, to run concurrent to count one and any other sentence defendant was serving.
Defendant now appeals, citing the following assignments of error:
1. The trial court's denial of the Motion for New Trial and/or denial of the Motion for Post Conviction Judgment of Acquittal and/or the Motion for Mistrial made by the defendant was an error of law.
2. That under Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), the failure to reveal/concealment of exculpatory evidence is a constitutional error that has deprived the defendant of a fair trial.
We affirm defendant's sentences.[1]
Defendant filed his motions for new trial and post-verdict judgment of acquittal on March 12, 2007. In his motions, he asserted that because his sentence had been vacated by the trial court and the matter remanded for resentencing and no motion for rehearing had been filed, nor did he seek an application for writs to the supreme court, jurisdiction was once again vested in the trial court and he was in "the same position that he was in after the verdict, and prior to sentencing."
We disagree. Defendant's convictions were affirmed by this Court's prior opinion and they became final on February 23, 2007, the date the delays for filing an application for rehearing expired. See LSA-C.Cr.P. art. 922(B).
We recognize that pursuant to LSA-C.Cr.P. art. 853, a motion for new trial can be filed and disposed of prior to sentencing. However, once a case is appealed, the trial court is without jurisdiction to entertain a motion for a new trial unless the case is remanded to that court for that purpose. State v. Brown, 451 So. 2d 1074, 1078 (La. 1984). In the present case, we remanded this matter to the trial court for the sole purpose of resentencing defendant on his two convictions.
Nonetheless, defendant is not without recourse to assert his claims. Pursuant to the provisions of the Code of Criminal Procedure on post conviction relief, LSA-C.Cr.P. art. 924, et seq., defendant is free to seek such relief, provided that the trial court determines that he satisfies the requirements of these articles.
Because we have previously affirmed defendant's convictions and they are now final, these assignments of error are moot.
SENTENCES AFFIRMED.
NOTES
[1] At the outset, we note that the Louisiana Code of Criminal Procedure does not recognize a "Motion for Post Conviction Judgment of Acquittal."