MARC E. JOHNSON, Judge.
| ^Defendant, Terrence Daniels, appeals his convictions for felon in possession of a firearm, second offense possession of marijuana and possession of cocaine. He contends the trial court erred in denying his motion for new trial, which was based on newly discovered evidence that allegedly easted serious doubt on the credibility of the officer who provided the probable cause affidavit for the search warrant that led to the discovery of the evidence against Defendant. We find we cannot reach the merits of Defendant’s argument because of the procedural posture of the case. As such, we must vacate the denial of the motion for new trial and remand the matter for further proceedings.
On June 22, 2010, Defendant was charged with two counts of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (counts one and two), one count of second offense possession of marijuana in violation of La. R.S. |S40:966(C) (count three), and one count of possession of cocaine in violation of La. R.S. 40:967(C) (count four). He pled not guilty and filed several pre-trial motions, including motions to suppress the evidence and his statement which were denied after a hearing on January 3, 2012. Defendant subsequently waived his right to counsel and requested to represent himself. After a sanity hearing in which the trial court found Defendant competent to stand trial, *350 Defendant’s request for self-representation was granted.
Defendant proceeded to trial, with “shadow” counsel, on May 1, 2012. Defendant waived his right to a jury trial and opted for a trial by the judge. After a two-day trial, the judge found Defendant guilty as charged on all four counts. On May 7, 2012, the trial judge sentenced Defendant to 12 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence and a $1,000 fine on each count one and two, and five years imprisonment at hard labor on each count three and four. The judge ordered the sentences to run concurrently with each other. Also on May 7, 2012, Defendant filed a motion for appeal, which was granted the same day.
On June 1, 2012, after the appeal was granted, the trial court issued an order on its own motion. The judge explained that the order was being issued upon representations from the Jefferson Parish District Attorney’s Office that grounds existed which may entitle Defendant to a new trial. The judge specifically explained that one or more of the witnesses may be the subject of a federal criminal investigation relating to potential public corruption. Accordingly, the judge ordered that Defendant’s right to file a motion for new trial be preserved and set the matter for hearing. Thereafter, on August 21, 2012, Defendant filed a motion for post-verdict judgment of acquittal or, alternatively, a motion for new trial. The basis for the motion was the possible investigation by the Federal | ¿Bureau of Investigations of members of the Westbank Major Crimes Task Force. A hearing was held on January 28, 2013. After arguments by Defendant and the State, the trial court denied Defendant’s motion for new trial.
On appeal, Defendant challenges the trial court’s denial of his motion for new trial. We find the trial court lacked jurisdiction in ruling on the motion for new trial.
Defendant’s motion for appeal was granted on May 7, 2012. Defendant filed his motion for new trial on August 21, 2012, based on information that was discovered after he was sentenced.
Louisiana Code of Criminal Procedure article 851(3) provides that a motion for new trial shall be granted when
[n]ew and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
The time for filing a motion for new trial is governed by La. C.Cr.P. art. 853, which provides:
A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial.
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case. [Emphasis added.]
Since Defendant’s motion for new trial was based on Article 851(3), we find it was timely filed, within one year after the judgment of the trial court even though sentence had been imposed. However, because an appeal was pending at 1 Bthe time *351 the motion was filed, the trial court could only hear the motion on remand of the case.
La.C.Cr.P. art. 916 provides that “[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal.” Thereafter, the trial court had no jurisdiction except for certain listed exceptions in Article 916 that are not applicable here. Once the trial court entered the order of appeal on May 7, 2012, it was without jurisdiction to entertain a motion for new trial except on remand of the case by this Court. See State v. Molinario, 383 So.2d 345, 353 (La.1980), cert. denied, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980); State v. Brown, 451 So.2d 1074, 1078 (La.1984). Because the record does not reflect that this Court remanded the case to the trial court to hear the motion for new trial, the trial court did not have jurisdiction to rule on the motion and its actions with reference to the motion were null and void. See State v. Vampran, 491 So.2d 1356, 1367 (La.App. 1st Cir.1986), writ denied, 496 So.2d 347 (La.1986).
While we recognize the Fourth Circuit found the denial of a motion for new trial after an order of appeal had been entered in State v. Robinson, 98-0005 (La.App. 4 Cir. 9/29/99); 743 So.2d 814, 815-16, to be harmless error, we cannot say the same in this case. In Robinson, the court first found the defendant’s motion for new trial was untimely because it was made after the defendant was sentenced and no basis was given for the motion, and then noted that the defendant did not raise the denial of his motion for new trial on appeal. Here, Defendant’s motion for new trial was timely and the denial of the motion is the sole issue on appeal.

DECREE

For the foregoing reasons, the trial court’s January 28, 2013 ruling on Defendant’s motion for new trial is vacated and the matter is remanded to the trial | ficourt for a new hearing on Defendant’s motion. Defendant’s right to appeal an adverse judgment on his motion for new trial is reserved.

VACATED AND REMANDED.