STEPHEN J. WINDHORST, Judge.
^Defendant, Terrence Daniels, was convicted on counts one and two of possession of a firearm by a convicted felon; on count three of second offense possession of marijuana; and on count four of possession of cocaine. Defendant was sentenced to twelve years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, and a $1,000.00 fine ■ on counts one and two respectively and five years imprisonment at hard labor on counts three and four respectively. Defendant’s sentences were ordered to run concurrently with each other. This appeal follows.[1] For the reasons that follow, we affirm defendant’s convictions and sentences, and remand for correction 'of the commitment.
lain defendant’s first appeal, on October 9, 2013, this Court found the trial court lacked jurisdiction to rule on defendant’s motion for new trial because an appeal was pending at the time the motion was filed. State v. Daniels, 13-176 (La.App. 5 Cir. 10/9/13), 128 So.3d 349, 350-51. On June 19, 2014, a rehearing was held on defendant’s motion for new trial, which was denied. Defendant filed an application for post-conviction relief requesting an out-of-time appeal on November 24, 2014. On December J, 2014, the trial court granted defendant’s request for an out-of-time appeal.
Facts
At trial, Detective Chris Morris, a Jefferson Parish Sheriffs Office narcotics detective assigned to the Drug Enforcement Administration'as'a Task Force officer, testified he participated in the execution of a search warrant at 1421- Utah Beach, Apartment P, in Bridge City, on June 3, 2010. He testified that after the officers used force to enter the apartment, defendant was observed fleeing to the back bedroom where he was detained by Detective Daniel Darbonne.[2]
Detective Brian Rico of the Gretna Police Narcotics Division assisted in the execution of the search warrant. He searched the living room and observed a black semiautomatic firearm-next to a pair of blue jeans. ■ When he lifted up the pair of blue jeans, there was another firearm directly under the blue jeans. Both firearms were fully loaded.
Detective Morris testified that during the search officers recovered two firearms, clips, ammunition, a. cell phone, and rolling papers. Defendant’s clothing, cell phone, and phone charger were found next to the firearms. Detective | ¿Morris testified that he knew the clothing belonged to defendant because defendant asked him to hand him the blue jeans that were, by the two firearms.
Detective Morris testified that- officers observed cocaine, a scale, rolling papéis, and sandwich bags sitting on the coffee table in the living room. He testified rolling papers are usually indicative of someone smoking marijuana, sandwich bags are consistent with the packaging of illegal *738 narcotics for sale, and a scale is often used to weigh narcotics for sale. The officers also recovered two hand-rolled cigarettes containing green vegetable matter,[3] which field tested as marijuana.[4]
Detective Morris further testified he advised defendant of his Miranda[5] rights. He specifically asked defendant if he lived in the apartment. Defendant stated that he slept at the apartment the last couple of nights.[6]
Aischa Prudhomme, a latent print examiner for the Jefferson Parish Sheriffs Office Crime Lab, was qualified as an expert in the field of fingerprint taking and fingerprint identification. Ms. Prudhomme testified that she compared the defendant’s fingerprints taken at trial to the fingerprints taken in case numbers 01-4475 and 01-4476 in Jefferson Parish and the prints matched.[7]
Detective Curt Johnson, an officer with the Plaquemines Parish Sheriffs Office, was called to testify as a witness for the defense. Detective Johnson confirmed he was the affiant for the search warrants issued for Apartments A and | aP. Detective Johnson testified that a confidential informant (“CI”) provided him with the information used in the search warrants.[8] He also testified that the CI contacted him about defendant and as a result, he conducted a controlled purchase on Apartment P using the CI. Several other detectives were present when the CI made the controlled purchase following standard procedures.[9]
In his affidavit, Detective Johnson stated that defendant and Terrence Daniels, Jr. made a collaborated effort to sell cocaine at 1421 Utah Beach, Apartments A and P. The affidavit also provided that the CI stated that he/she purchased powder cocaine from defendant and crack cocaine from defendant’s son, Terrence Daniels, Jr., on several occasions from both apartments. Detective Johnson further stated in the affidavit that the CI stated that when he/she purchased the crack cocaine from defendant’s son, the son said that they had more crack in the apartment. Detective Johnson testified that he was unable to find any information or a photograph of defendant’s alleged son, Terrence Daniels, Jr.
Detective Johnson further testified that defendant’s name was on the application *739 for the search warrant for Apartment P.[10] He testified that defendant was listed on the application as being the sole supplier of cocaine. Detective Johnson testified that the application also provided that the Cl said that defendant | (¡possessed a 9 mm handgun and Terrence Daniels, Jr. possessed a silver handgun to protect the residence.[11]
Discussion
In his sole assignment of error, defendant argues the trial court abused its discretion in declining to grant a new trial based on newly discovered evidence and the ends of justice.[12] Defendant asserts that members of the task force who investigated and arrested him were investigated by the Federal Bureau of Investigation based on similar allegations defendant made in defending his case at trial. Defendant contends that members of the task force took money from him. Defendant also contends that Detective Curt Johnson provided tainted testimony and false information to secure a search warrant. Defendant also claims that Detective Johnson was the State’s only witness at the hearing on defendant’s motion to suppress. Defendant argues that he should be granted a new trial to explore the possible corruption of Detective Johnson and other task force members.
Defendant’s motion for new trial was reheard on June 19, 2014. At the rehearing, defendant, who represented himself, requested a new trial on the ground that Detective Curt Johnson, who testified at trial, was a part of the federal investigation of the major crime task force. Defendant argued that Detective Johnson was one of the main officers under federal investigation. Defendant contends that he testified at trial that the officers had stolen money from him. |7Pefendant argued that those same officers are now accused of stealing money and falsifying documents in another case.
The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Henry, 13-558 (La.App. 5 Cir. 03/26/14), 138 So.3d 700, 718, writ denied, 14-962 (La.2/27/15), 159 So.3d 1064.
La. C.Cr.P. art. 851 provides in pertinent part:
*740 A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:
[[Image here]]
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
* * ■ *
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
C.Cr.P. art. 854 requires that the motion contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses' or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process |sof the court, or are otherwise available.
In addition to the conditions set forth in La. C.Cr.P. art. 854, four other requirements must be met for a motion for new trial: (1) the evidence must have been discovered since the trial, (2) failure to learn of the evidence at the time of trial must not be due to defendant’s lack of diligence, (3) it must be material to the issues at the trial, and (4) it must be of such a nature that it would probably produce an acquittal in the event of a retrial. Henry, 138 So.3d at 718. The trial court’s application of these precepts to newly discovered evidence is entitled to great weight, and its denial of a motion for new trial will not be disturbed on appeal absent a clear abuse of that discretion. Id.
In evaluating whether newly discovered evidence warrants a new trial, the test employed is not whether another jury might return a different verdict, but whether the new evidence is so material that it ought to produce a verdict different from that rendered at trial. Id. An application for a new trial on the ground of newly discovered evidence should be viewed with extreme caution. Id. A claim for a new trial based on the ground that the ends of justice would be served presents nothing for appellate review. State v. Onstead, 03-1413 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, 916.
Defendant failed to provide the trial court with the names of any witnesses who could have testified as to the general reputation for truthfulness or untruthfulness of Detective Johnson or any other member of the task force. See State v. Everett, 13-322 (La.App. 4 Cir. 3/26/14), 156 So.3d 705, 713. In addition, defendant also failed to provide any factual support or evidence the ends of justice would be served based on his allegations that the officers’ committed malfeasance in an unrelated case. Id. at 711-712. The record does not support defendant’s |flcontention Detective Johnson or the other members of the task force had convictions for perjury or malfeasance in office.
*741 At trial, Detective Johnson was called as a defense witness. Defendant extensively questioned Detective Johnson regarding the alleged false information on the search warrant and the. alleged theft of defendant’s money during defendant’s arrest.. Defendant also questioned other officers regarding the alleged theft of his money. The officers denied any knowledge of the alleged theft of defendant’s money. A review of the record reveals that all. of the evidence seized from Apartment P was first discovered and collected by other officers before it was turned over to Detective Johnson. The record does not support defendant’s contention that Detective Johnson allegedly falsified information and stole money in an unrelated case. Defendant further failed to show any facts to support his contention that an injustice had been done to him and that he.was entitled to a new trial. Accordingly, we find the trial court did not abuse its discretion in denying defendant’s motion for new trial based on newly discovered evidence and serving the ends of-justice.[13] the ends of justice.
Considering the foregoing, this assignment of error is without merit.
Error Patent Discussion
Generally, a defendant is not entitled to a second error patent review of the matters encompassed in the first appeal. State v. Lobo, 12-271 (La.App. 5 Cir. 12/18/12), 106 So.3d 1187, 1194, writ denied, 13-0151 (La.6/21/13), 118 So.3d 409. However an error patent review was not conducted in defendant’s first appeal because of the procedural posture of the ease. Therefore, the record was reviewed |]0for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The following error patent requires corrective action.
The State of Louisiana Uniform Commitment Order incorrectly reflects the adjudication date as May 7, 2012. The record reflects defendant was convicted on May 2, 2012. Therefore, we remand and order the Uniform Commitment Order be corrected to reflect the correct adjudication date. We also direct the Clerk of Court'to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and the Department of corrections’ legal department. State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-481 (La.11/7/14), 152 So.3d 170 (citing State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846 (per curiam,)); see also La. C.Cr.P. art. 892B(2). We further order that a copy of this opinion be provided to the Clerk of Court of the Twenty-Fourth Judicial District Court.
Conclusion
For the reasons stated above, we affirm defendant’s convictions and sentences, and remand for correction of the commitment.
CONVICTIONS AND SENTENCES AFFIRMED;- REMANDED FOR CORRECTION OF COMMITMENT.

. This is defendant’s second appeal. The procedural history of this case was set forth in this Court’s opinion in defendant’s first appeal, State v. Daniels, 13-176 (La.App. 5 Cir. 10/09/13), 128 So.3d 349, 349-350.

. Detective Darbonne testified that he observed defendant running down the hallway, and'he immediately pursued defendant into a bedroom. He saw defendant attempting to open a window and he apprehended him. Detective Darbonne testified that he noticed marijuana on the floor by defendant.

. Detective Sean Vinson assisted in the execution of the search warrant for Apartment P. He searched the kitchen and discovered a shoe box on the kitchen counter. The shoe box contained green vegetable matter. Detective Vinson stated he did not recover any other items besides the marijuana from the kitchen. The green vegetable matter field tested positive for marijuana.

. Jaslyn Powell, an expert in the field of identification and analysis of controlled dangerous substances, testified that three of the items submitted to her tested positive for marijuana and one item tested positive for cocaine.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. On cross-examination, Detective Morris stated he was not involved in any officers allegedly taking money from defendant.

. These are the predicate offenses for defendant’s charges for possession of a firearm by a convicted felon.

. Detective Johnson testified that he used this Cl on several prior occasions and the Cl’s information was on file with the Gretna Police Department.

. Detective Johnson testified that the Cl was provided with money, was patted down to determine whether he/she had any contraband on his/her person prior to the controlled purchase, the Cl provided him with crack cocaine after the controlled purchase with defendant, and the Cl was searched again.

.Detective Johnson testified officers also had a search warrant for Apartment A, and they executed the search warrants on both apartments simultaneously. He testified that he was in charge of executing the search warrant for Apartment A. They did not find anything illegal in Apartment A and defendant and his alleged son were not living there. He testified a family was living in Apartment A. He testified that he believed he saw defendant in Apartment A prior to his arrest. The search warrant for Apartment P had already been executed on and the evidence from that apartment was recovered by other officers prior to him entering and obtaining possession of the evidence. Detective Johnson acknowledged he received a phone call from an office manager who informed him that Apartment P was not leased to anyone and should have been vacant at the time of the search.

. Defendant questioned Detective Johnson about the alleged money taken from him. Detective Johnson denied any knowledge.

. On June 23, 2015, this Court granted defendant’s pro se request to review the record of his first appeal. The Court ordered that defendant be provided with the record of his first appeal which was contained in the present appellate record as an exhibit. The Court further ordered that the record be returned to this Court no later than July 10, 2015, and that any pro se supplemental brief be filed no later than July 10, 2015. As of the date of this opinion, defendant has not filed a pro se supplemental brief.

. This case is distinguishable from the unique circumstances in State v. Taylor, 14-1551, 2015 La. LEXIS 514 (La.3/27/15) (per curiam), where the Louisiana Supreme Court found the defendant was entitled to a new trial based on an officer’s subsequent conviction of perjury and malfeasance in office. In Taylor, supra, the officer was convicted, was the only witness, and solely provided the only evidence in the case. Also, the officer falsified information in an unrelated case two months prior to the defendant's trial. Id.