935 So.2d 194 (2006)
STATE of Louisiana
v.
Jamie COOPER.
No. 2005 KA 2070.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
*195 Scott Perrilloux, District Attorney, Morgan Griggs, Amite, Leslie Austin, Assistant District Attorneys, Livingston, Counsel for Appellee State of Louisiana.
Frederick Kroenke, Baton Rouge, Counsel for Defendant/Appellant Jamie Cooper.
*196 Before: PARRO, McDONALD and HUGHES, JJ.
McDONALD, J.
The defendant, Jamie D. Cooper, was charged by a bill of information with possession of cocaine, a schedule II controlled dangerous substance, in violation of La. R.S. 40:967 C. The defendant entered a plea of not guilty. After a trial by jury, the defendant was found guilty as charged. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The defendant was sentenced to five years imprisonment at hard labor. The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, raising the following arguments: the trial court erred in admitting evidence; the trial court erred in instructing the jury that it represented the community; and the trial counsel was ineffective in failing to require a hearing on the motion to suppress evidence and in failing to object to the jury instructions. For the forthcoming reasons, we affirm the conviction and sentence.

FACTS
On or about August 5, 2004, four officers were patrolling a high-crime area in Denham Springs, Louisiana, in an unmarked pickup truck.[1] Detective Woody Overton (one of the officers) of the Livingston Parish Sheriff's Office, observed a male subject (the defendant) as he stood next to the driver's side of a white van. The van was located in the roadway of Maryland Street. The officers pulled up closer to the area and parked their unit on the side of the street.
As the uniformed officers exited their unit, they observed two males sitting on a residential driveway between five and fifteen feet from the street. One of the males (the defendant) quickly placed his hand underneath the back of his leg and turned his body away from the officers when he noticed the officers' approach. Detective Overton ordered the defendant to "show me your hands." The defendant initially did not raise his hands. After repeated orders, he ultimately complied. Detective Overton and Officer Paul Golmon (of the Denham Springs City Police Department) instructed the defendant to stand up. As the defendant complied, two clear bags containing suspected rock cocaine fell from behind one of his legs. The officers immediately handcuffed the defendant, conducted a pat down search for weapons, and arrested the defendant. According to the Louisiana State Police Crime Laboratory Scientific Analysis Report, the plastic bags contained a total of 3.82 grams of cocaine.

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE (IN PART)
In the first assignment of error, the defendant avers that the trial court erred in not granting the motion to suppress the evidence and in allowing the jury to consider the evidence in reaching its verdict. The defendant specifically argues that the officers did not have reasonable suspicion to stop him. In his third assignment of error, the defendant (in related part) argues that the failure of his trial counsel to require a hearing on the motion to suppress constitutes ineffective assistance of counsel.
*197 In the instant case, the defense attorney filed a motion to suppress evidence on the morning of the trial by jury. The trial court, considering the timing of the motion, noted that all of the parties that would testify in a hearing on the motion would also testify during the trial. The trial court then asked whether there was any objection to addressing the motion during the trial. The defense attorney and the State replied by stating that they did not object. The defense attorney initiated a bench conference outside of the hearing of the court reporter. The trial resumed with no further discussion of the motion to suppress. The evidence was admitted and published to the jury without objection.[2]
At the outset, we note that the first assignment of error is not properly before this court. This court reviews trial court rulings. In the instant case, the record does not reflect a ruling on the defendant's motion to suppress. Our review of the record indicates that the defense counsel abandoned the motion to suppress, withdrew the motion to suppress the evidence, or obtained an off-the-record denial of the motion to suppress. Nonetheless, the merits of the argument presented in the first assignment of error will be addressed as we consider the related ineffective assistance of counsel argument raised in the defendant's third assignment of error.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court rather than by appeal. This is because post-conviction relief creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. When the record is sufficient, however, this Court may resolve this issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528, 530 (La.1982); State v. Williams, 632 So.2d 351, 361 (La.App. 1st Cir.1993), writ denied, 94-1009 (La.9/2/94), 643 So.2d 139. In the instant case, the record is sufficient to resolve the defendant's claim of ineffective assistance of counsel.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the United States Constitution. A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first show that the attorney's performance was deficient. This requires a showing that counsel made errors so serious that the defendant was effectively denied the right to counsel as guaranteed by the Sixth Amendment. Secondly, the defendant must prove that counsel's deficient performance actually prejudiced the defense, meaning that the errors were so serious that the defendant was deprived of a fair trial. It is not enough for the defendant to show that his counsel's errors or omissions had some conceivable effect on the outcome of the proceeding. Rather, he must show that, but for counsel's errors, a reasonable probability exists that the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate *198 showing on one of the two components. State v. Moody, XXXX-XXXX, pp. 5-6 (La.App. 1st Cir.12/22/00), 779 So.2d 4, 9, writ denied, XXXX-XXXX (La.12/7/01), 803 So.2d 40.
Louisiana Code of Criminal Procedure article 703 A provides: "A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained." The Louisiana Supreme Court has recognized a three-tiered analysis governing the Fourth Amendment's application to interactions between citizens and police. At the first tier, mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention. At the second tier, the investigatory stop recognized by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police officer may briefly seize a person if the officer has an objectively reasonable suspicion, supported by specific and articulable facts, that the person is, or is about to be, engaged in criminal conduct or is wanted for past criminal acts. Lastly, at the third tier of custodial "arrest," the officer must have "probable cause" to believe that the person has committed a crime. State v. Fisher, 97-1133, pp. 4-5 (La.9/9/98), 720 So.2d 1179, 1182-83.
In evaluating alleged violations of the Fourth Amendment, the United States Supreme Court has undertaken an objective assessment of an officer's action in light of the facts and circumstances then known to him. State v. Garcia, 519 So.2d 788, 793 (La.App. 1st Cir.1987), writ denied sub nom., State v. Rodriguez, 530 So.2d 85 (La.1988) (citing Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978)). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Scott v. United States, 436 U.S. at 138, 98 S.Ct. at 1723.
The purpose of the Fourth Amendment is not to eliminate all contact between the police and citizens. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Law enforcement officers enjoy the same liberty possessed by every citizen to address questions to other persons. United States v. Mendenhall, 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497 (1980). It is clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions. Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991).
Herein, members of the Livingston Parish Sheriff's Office and Denham Springs City Police Department formed a special response team to conduct a narcotics patrol in the Rodeo Drive area of Denham Springs, Louisiana, due to a large number of complaints of drug activity in the area. Members of the task force patrolling the area on the night in question included Deputy Jason Ard, Detective Denny Perkins, Corporal Paul Golmon and Detective Woody Overton. As they turned off Rodeo Drive onto Maryland Street, the officers observed the male subject leaning into the driver's window of a van. According to the trial testimony of Detective Overton, Deputy Ard was certain the male subject was the defendant.
We conclude that the defendant was detained when he submitted to the officers' show of authority by ultimately raising his hands and standing up. Prior to the officers' show of authority, the defendant was observed leaning into a van *199 located in the roadway at 10:00 p.m. in a high-crime (particularly drug trafficking) area. The defendant then walked back to the driveway and sat in a lawn chair in close proximity to the street. When the defendant noticed the officers approaching, he abruptly placed his hand underneath his leg. The defendant's hand movements supported a reasonable conclusion that the defendant was concealing something. We find that, at the time of the Terry stop, the officers had sufficient knowledge of facts and circumstances to justify an infringement on the defendant's right to be free from government interference. Moreover, due to the possible concealment of a weapon, the officers were taking a prudent course of action for their safety in commanding that the defendant raise his hands and stand up. Once he did so, the evidence fell to the ground in plain view of the officers. Thus, assuming that the defense counsel exhibited deficient performance in failing to request a hearing and/or ruling on the motion to suppress, the defendant has failed to satisfy the prejudice prong of the aforementioned Strickland test. The ineffective assistance of counsel argument presented in assignment of error number three regarding the motion to suppress the evidence herein is without merit.

ASSIGNMENT OF ERRORS NUMBER TWO AND NUMBER THREE (IN PART)
In his second assignment of error, the defendant argues that the trial court erred in instructing the jury that it represented the community in reaching a verdict. The defendant avers that the trial judge improperly influenced the jury and contributed to the guilty verdict. In the related portion of assignment of error number three, the defendant avers that the defense counsel was ineffective in failing to object to the above-referenced portion of the jury instructions.
After giving the jury detailed instructions as to the applicable law, the trial court stated as follows:
Finally, I remind you again that you represent our community in the determination of this matter. The community appreciates your service on this jury. And at the same time, the community expects you to reach a fair and impartial verdict. Members of the jury, you may now retire to elect your foreperson. Court will be at recess until a verdict is reached.
The defense counsel did not object to the jury instructions. A claim that a jury charge was improper will not be considered on appeal if no contemporaneous objection was made. La.C.Cr.P. art. 841. Accordingly, assignment of error number two is not properly before this Court. However, in assignment of error number three, the defendant does raise an ineffective assistance of counsel argument as to the lack of an objection by the trial counsel to the above-referenced portion of the jury instructions. Thus, we will review the propriety of this portion of the jury instructions as we address the related ineffective assistance of counsel argument raised in the third assignment of error.
The court shall not charge the jury concerning the facts of the case and shall not comment on the facts of the case, either by commenting on or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted. La.C.Cr.P. art. 806. A conviction will not be overturned on the grounds of an erroneous jury charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. State v. Motton, 395 So.2d 1337, 1348(La.), cert. denied, *200 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981). An erroneous instruction is subject to harmless error review or in the case of an ineffective assistance of counsel claim, an analysis of whether the defendant was prejudiced by the error. See State v. Hongo, 96-2060, pp. 4-6 (La.12/02/97), 706 So.2d 419, 421-22. The question becomes, whether it appears beyond a reasonable doubt, that the erroneous instruction did not contribute to the jury's finding of guilt or whether the error is unimportant in relation to everything else the jury considered, as revealed in the record. State v. Smith, 600 So.2d 1319, 1326 (La.1992). Stated another way, the appropriate standard for determining harmless error is whether the guilty verdict was surely unattributable to the jury charge error. Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).
On appeal, the defendant cites State v. Colligan, 95-880, p. 9 (La.App. 3d Cir.8/7/96), 679 So.2d 184, 189, wherein (albeit in the context of a prosecutor's closing argument) the court held that the attempt by the prosecutor to convey the message that the jury represented "the people of Evangeline Parish" was improper. As noted in Colligan, the jury's function is found in La.C.Cr.P. art. 802, and nothing therein indicates a representative obligation. In fact, the jury should deliberate without regard to public opinion. Colligan, 95-880 at p. 9, 679 So.2d at 189.
As previously outlined, to prevail in a post-conviction ineffective assistance of counsel claim, the defendant must establish (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's inadequate performance the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068.
The prosecutorial closing remarks in question in Colligan misstated the jury's function as follows: "You represent the people of Evangeline Parish . . . and now it's up to you to return a verdict of guilty." Colligan, 95-880 at p. 9, 679 So.2d at 189. Herein, to the contrary, the jury's function to "reach a fair and impartial verdict" was correctly stated by the trial court. Even assuming the trial court erred in stating that the jury represented the community, considering the evidence presented herein and the trial court's instructions as a whole, the verdict was surely unattributable to any such error. Thus, we find that the portion of the jury charge in question did not prejudice the defendant. Therefore, the defendant has failed to satisfy the second prong of an ineffective assistance of counsel claim. The ineffective assistance of counsel argument presented in assignment of error number three, regarding the lack of a defense objection to the portion of the jury charge in question, is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
HUGHES, J., concurs.
NOTES
[1] The four officers were Deputy Jason Ard, Detective Denny Perkins, Corporal Paul Golmon, and Detective Woody Overton. Only Corporal Golmon and Detective Overton testified at the trial.
[2] The defense counsel specifically stated, "No objection," when the State offered, filed, and introduced exhibit one, consisting of the manila envelope containing the crack cocaine. Moreover, the defense counsel specifically stated, "No objection to the entry," regarding the admission and publication of the scientific analysis report. The defense counsel merely stated that the report "speaks for itself" in entering a hearsay objection to the interpretation of the analysis by the evidence custodian.