CHUTZ, J.
| ¡¿Defendant, Nicholas Revish, was charged by grand jury indictment with second degree murder, a violation' of La. R.S. 14:30.1 (count one), and attempted second degree murder, a violation of .La. R.S. 14:27 and 14:30.1 (count two). He pled not guilty. Following a jury trial, defendant was found guilty as charged on both counts. On count one, the trial court sentenced defendant to the mandatory term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. On count two, the trial cpurt sentenced defendant to twenty-five years at hard labor, to run concurrently with the ..sentence on count one. Defendant now appeals, alleging in his sole assignment of error that the trial court improperly instructed the jury regarding his claim -of self-defense and that his trial counsel was ineffective for failing to object to this instruction. For the following reasons, we vacate defendant’s - convictions and sentences and remand for a new trial.

FACTS

Around 9:00 p.m. on March 26, 2012, Jamond Rougeau and Latrell Davis were riding around the Sherwood Forest area of Baton Rouge in Rougeau’s vehicle. Davis directed Rougeau to pick up defendant from a nearby Jack in the Box restaurant. Rougeau complied, and the three men continued to ride around the area together. At some point, Rougeau pulled his vehicle onto a side street, potentially because of car trouble. Shortly after Rougeau pulled his vehicle onto this street, defendant shot both Rougeau and Davis. Rougeau called 911 and, while talking to the operator, drove his car to his aunt’s home on Gerald Street. Rougeau ultimately survived his injuries, but Davis died as a result of having been shot twice in the back of the head. Rougeau later identified defendant in a photographic lineup as the individual who had shot him and Davis.
| ^IMPROPER JURY ■■INSTRUCTION/INEFFECTIVE- " ASSISTANCE
In his sole assignment of error, defendant asserts that the trial court erred in improperly instructing the jury that self-defense was not available as a defense if the jury determined that the homicide occurred as a result of drug activity. Because his trial counsel did not object to this instruction, defendant contends that counsel’s performance was ineffective to the -point that it prejudiced his ability to have a fair trial.
*11 Following closing arguments, the trial court instructed the jury with regard to defendant’s claim of self-defense as follows:
The defendant in this case has raised the claim of self-defense. The law recognizes the right of an individual to use force or violence against another when used in self-defense. If you find that the defendant committed a homicide, you must consider whether or not his actions were justified.
[[Image here]]
Thus, if you find that the defendant killed in self-defense; and that the defendant believed that he was.in imminent danger of losing.his life or receiving great bodily harm; and that he believed the killing was, necessary to save himself from that danger; and the defendant’s beliefs, were reasonable in light of the circumstances; then you must find the defendant not guilty.
A defendant who raises the defense that he acted in self-defense does not have to prove that he acted in self-defense. The [Sjtate must prove beyond a reasonable doubt that the homicide was not committed in self-defense.
Self-defense shall not apply when the person committing the homicide is engaged, at the time of the homicide, in the acquisition of, the distribution of, or possession of, with intent to distribute a controlled dangerous substance in violation of the provisions of the Uniform Controlled Dangerous, Substances Law.
We note that the jury was not given a separate instruction regarding a claim of self-defense with respect to defendant’s non-homicide offense of attempted second degree murder. An instruction with respect to that offense should have been given in accordance with the provisions of La. R.S. 14:19. Defendant has not explicitly complained of the lack of a self-defense instruction regarding his attempted second [¿degree murder conviction. However, the substance of defendant’s argument regarding the second degree murder self-defense instruction also applies to the self-defense instruction-that should have been given for the charge. of attempted second degree murder. See La. R.S. 14:19(A). Because the trial court gave only a single, deficient instruction regarding self-defense .in this case, we treat defendant’s assignment of error as raising an issue with both convictions..
As defendant points out, defense counsel did not object to this jury charge. Nor did defense counsel object to the State’s per-emptive references to this jury charge during closing arguments. Normally, such failure to object.would preclude consideration on appeal of arguments challenging the giving of this jury charge. See La. C.Cr.P. art. 801(C) and 841(A). However, defendant also contends that his counsel was ineffective for failing to object to the sécond part of this- instruction, which restricts a claim of self-defense for an individual involved in drug activity.
 A claim of ineffective assistance of counsel is generally relegated to postcon-viction proceedings, unless the record permits definitive resolution on appeal. State v. Miller, 99-0192 (La.9/6/00), 776 So.2d 396, 411, cert. denied, 531 U.S. 1194, 121 S.Ct. 1196, 149 L.Ed.2d 111 (2001). A claim of- ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney’s performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel *12 guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense.' This element requires a showing that the errors were so serious that the defendant was deprived-of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for defendant to |fishow that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for his counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), writ denied 614 So.2d 1263 (La.1993).
In the, instant case,, despite the, State’s contention to the contrary, the record permits definitive resolution of defendant’s ineffective assistance claim on appeal. Therefore, we address the merits of defendant’s claim. See State v. Cooper, 2005-2070 (La.App. 1st. Cir.5/5/06), 935 So.2d 194, 199, writ denied, 2006-1314 (La.11/22/06), 942 So.2d 554.
The record is not clear» how the instruction regarding''drug activity and self-defense- became part of the trial court’s jury instructions. The record does not contain any request by the state that-this' instruction be included as a special charge. See La.C.Cr.P. art. 807. Nonetheless, defendant’s counsel did not object to this charge that restricted the availability of self-defense if the jury found that the shootings 'took place as a result of drug activity. Therefore, we must first determine whether counsel performed deficiently in failing to object to this instruction.
A homicide is justifiable when committed in self-defense by one who reasonably believes -that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. La. R.S. 14:20(A)(1). The trial court properly instructed the jury regarding this standard.
| (¡However, the trial court also included an unrelated portion of the justifiable homicide statute as part of its instructions. On the date of the offense,[1] La. R.S. 14:20(A)(4)(a) stated that a homicide is justifiable when committed’ by a person lawfully inside a dwelling, a place of business, or a motor vehicle as defined in La. R.S.' 32:1(40), against a person attempting to make an’ unlawful entry into thé' dwelling, place of business; or motor vehicle, or who made an unlawful entry into the dwelling, place of biisiness, or motor vehicle, and the person committing the homicide reasonably believes that the use of deadly force is necessary to prevent the entry or to compel the intruder to leave the premises or motor vehicle. Subsection (A)(4)(b) of La. R.S. 14:20 qualified this provision, stating that the provisions of this Paragraph shall not apply when the person committing the ’ homicide' is engaged, at the time of the homicide, in the acquisition, the distribution, or possession of, with intent to distribute, a controlled dangerous substance in violation of the provisions of thé Uniform Controlled Dangerous Substances- Law;
*13 Thus,- we -turn to the issue of whether the drug-activity exception of La. R.S. 14:20(A)(4)(b) is applicable to the entirety of La. R.S. 14:20 or simply , to the special provision of La. R.S. 14:20(A)(4). We conclude that the drug-activity exception applies only in the latter case and not to every situation that might involve justifiable homicide.
As the Second Circuit noted in light of a similar jury instruction in State v. Cook, 46,843 (La.App.2d Cir.1/25/12), 86 So.3d 672, 681-82, writ denied. 2012-0640 (La.6/22/12), 91 So.3d 969, La. R.S. 14:20 provides for four distinct situations, in which justifiable homicide may be claimed. Pursuant to paragraph (A)(1), a homicide is justified when the killer reasonably believes that he. is in ^imminent danger .of losing his life and .that the killing is necessary to save himself from that danger. Paragraph (A)(2) provides that a homicide is justifiable when committed for the purpose of preventing a violent or forcible felony involving danger to,life or great bodily harm when the killer reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. Under paragraph (A)(3), a homicide is justified when committed against a person whom one reasonably believes is likely to use any unlawful force against a person present in a dwelling or a place of business, or against a person whom one reasonably believes is attempting to use any unlawful force against a person present in a motor vehicle, while committing or attempting to commit a burglary or robbery of such dwelling, business, or motor vehicle. - Finally, under subsection (A)(4)(a), a homicide is justifiable when a person lawfully inside a dwelling, place of business, or motor vehicle uses deadly forte against a person who is attempting to make entry into that area. This subsection requires a lesser standard in that the person using the force need not believe that he is in danger of losing his life; rather, the person need only believe that the use of deadly force is necessary to prevent the entry or to compel the person to leave. Cook, 86 So.3d at 682.
The State concedes and we- find that the plain language of subsection (A)(4)(b) indicates that its drug-activity exT eeption applies only to “this Paragraph,” meaning paragraph (A)(4), not to paragraphs (A)(1), (2), or (3). As the Second Circuit noted in - Cook, even a drug dealer who commits a homicide- can still claim self-defense under La. R.S. 14:20(A)(1) if he believes his life is, in danger. He is simply not entitled to the lessened “shoot-the-burglar” standard under Paragraph (A)(4). See Cook, 86 So.3d at 682.
As described further below, defendant’s claim of self-defense at trial was not based upon the standard of La. R.S. 14:20(A)(4)(a) but upon the standard set forth | Rin La. R.S. 14:20(A)(1). Furthermore, La. R.S. 14:19 (prior to amendment by 2014 La. Acts No. 163, § 1), which did not .contain any drug-activity exception, was not used as a basis for instructing the jury with respect to defendant’s non-homicide charge of attempted second degree murder. Accordingly, because the trial court erroneously instructed the jury that self-defense was not available in this case if the jury determined that defendant was engaged in drug activity at the time of the shootings, trial counsel performed defi-ciently in failing to object to this jury instruction.
Having determined that trial counsel performed deficiently; • we must still address the State’s assertion that trial counsel’s deficient performance did not prejudice defendant to the point where he was deprived of a fair trial. To do so, we turn to the evidence presented at trial.
*14 Jamond Rougeau testified at trial that the shooting was entirely unprovoked. Rougeau stated that as he, Davis, and defendant drove around, one of the other men wanted him to bring them to the Greenwell Springs area so that they could see a girlfriend. Rougeau described that he began to hear rattling noises in his vehicle, so he called his mother, who told him to check his oil; He stated that he parked his vehicle in the area of Monterrey Drive and Great Smokey Avenue, and he asked Davis if he saw any oil in the back seat. Davis replied negatively, so Rougeau popped his trunk and prepared to exit the vehicle. Rougeau stated that as he opened his door, he heard a gunshot and looked to his right to see Davis slumped over in his seat. Rougeau himself was also then shot, and he briefly blacked out before he was able to regain consciousness and drive himself to his aunt’s house. Rougeau claimed that he never had a weapon, but he admitted that Davis had a gun tucked into the waistband of his pants. He also stated that Davis had approximately one. gram of cocaine on him. However, Rougeau denied that they were involved with the selling of any drugs on the night in question. Rougeau [aadmitted during his testimony that he had several prior convictions for drug (cocaine and marijuana) possession offenses.
Defendant testified on his own behalf at trial. He stated that he knew Rougeau and Davis from the Brandywine Apartments in the Sherwood Forest area. Defendant also testified that Rougeau sold marijuana and Davis sold cocaine. Defendant described that earlier on the day of the incident he had been in the Brandy-wine complex and found some cocaine, 'so he called Davis to see if he wanted it or knew of anyone who might want to buy it. Defendant said that later that evening, Davis called him to say that he had found someone who wanted to purchase the drugs. Rougeau and Davis picked up defendant, and they began to drive around the area. Defendant testified that they made at least two stops in which Davis exited- the vehicle, but Davis came back each time without having sold the cocaine.
Defendant stated that sometime after the second stop Rougeau began to drive his vehicle slowly, as though it had a mechanical issue. According to defendant, Rougeau pulled onto a dead-end street near some warehouses and asked defendant to check the transmission fluid and oil. Defendant said also at that time, Rougeau and Davis asked where the “product” was. When defendant leaned to the front seat to give them the drugs, he saw a gun in Davis’s lap. Defendant stated that when he was about to exit the vehicle to comply with Rougeau’s instructions to check the car, Rougeau pulled a gun and stuck it in his face. Defendant testified that he successfully wrestled the gun from Rougeau and shot Davis, because Davis appeared to be reaching for the gun in his lap. Defendant then shot Rougeau. Defendant immediately fled the scene, purportedly losing the weapon sometime during his flight. Defendant stated that he believed his life was in danger and that he used the weapon he wrestled from Roug-eau for his own protection. Defendant [ inhad no prior criminal history, and his trial testimony was generally consistent with the recorded statement he gave to the police following his arrest.
The conflicting testimonies of. Rougeau and defendant were the primary pieces of evidence presented at trial. Ultimately, the jury returned 10-2 verdicts of guilty as charged for the second degree murder of Davis and for the attempted second degree murder of Rougeau. Given that the two versions of events conflicted with each other in substantial ways, the jury’s determination was ultimately one of credibility. *15 However, as described above, the jury was charged improperly regarding the availability of a self-defense claim. Even if the jury had fully believed defendant’s version of the facts, because he testified that he, Rougeau, and Davis met with the intent to sell cocaine, the erroneous jury instruction would have categorically denied defendant from availing himself of a claim of self-defense.
A conviction will not be overturned on the grounds of an erroneous jury charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. An erroneous instruction is subject to harmless error review or, in the case of an ineffective assistance of counsel claim, an analysis of whether the defendant was prejudiced by the error. The question becomes whether it appears beyond a reasonable doubt that the erroneous instruction did not contribute to the jury’s finding of guilt or whether the error is unimportant in relation to everything else the jury considered, as revealed in the record. Stated another way, the appropriate standard' for determining harmless error is whether the guilty verdict was surely unattributable to the jury charge error. State v. Morris, 2009-0422 (La.App. 1st Cir.9/11/09), 22 So.3d 1002, 1014.
In the instant ease, we cannot say that it appears beyond a reasonable doubt that the erroneous instruction did not contribute to the jury’s finding of guilt, that|uthe error is unimportant in relation to everything else the jury considered, or that the guilty verdict was surely unattributable to the jury charge error. At least two members .of the jury voted not to convict defendant of second degree murder and attempted second degree murder. Further, the erroneous jury charge in this case put defendant-‘at such a disadvantage that the jury, even , if it completely believed defendant’s testimony,, had no choice but to discard, the claim of self-defense as unavailable. .Therefore, counsel’s error in failing to object to the erroneous jury charge regarding the drug-activity exception resulted, in actual prejudice to defendant. Because there is a reasonable possibility that the erroneous jury charge contributed to defendant’s convictions, defendant’s claim of ineffective assistance of counsel has merit.
DECREE
For these reasons, défendant’s convictions and sentences are vacated, and the case is remanded for a new trial. See State v. West, 568 So.2d 1019, 1024-25 (La.1990).
CONVICTIONS AND SENTENCES VACATED; REMANDED FOR A NEW TRIAL.
HOLDRIDGE, J., dissents with reasons.

. By 2014 La. Acts, No. 163, .§ 1, .the legislature modified the provisions of La, R.S. 14:20(A)(4)(a). Since the substantive law applicable in a criminal prosecution is that which was in effect on the date of the offense, see State v. Eaker, 380 So.2d 19, 27 (La.1980), cert. denied, 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980), we apply the pre-amendment version.