STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0423

STATE OF LOUISIANA

VERSUS

NICHOLAS REVISH

Judgment Rendered: SEP 2 7 2019

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 02-13-0952

Honorable Bonnie Jackson, Judge Presiding

**************

| | |
|---|---|
| Hillar C. Moore, III<br>Dylan C. Alge<br>Baton Rouge, LA | Counsel for Appellant,<br>State of Louisiana |
| Stephen Andrew Stanford<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Nicholas Revish |

**************

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

*Guidry, J. Dissents and assigns reasons.*

*Crain, J. Concurs.*

**WHIPPLE, C.J.**

Defendant, Nicholas Revish, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1 (count one), and with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1 (count two). He pled not guilty. Following a jury trial, defendant was found guilty as charged on both counts. On count one, the trial court sentenced defendant to the mandatory term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. On count two, the trial court sentenced defendant to twenty-five years at hard labor, to run concurrently with the sentence on count one. On appeal, this court found a prejudicial trial error, vacated relator's conviction and sentence, and remanded this matter with instructions for a new trial. State v. Revish, 2015-0470, 2015-0471 (La. App. 1st Cir. 11/9/15), 185 So. 3d 8. The Louisiana Supreme Court denied writs. State v. Revish, 2015-2247 (La. 5/20/16), 191 So. 3d 1066. While the case was pending for a new trial in the trial court, defendant filed motions to quash his indictment, alleging the State was untimely in commencing his new trial following remand. The trial court ultimately agreed that the State had failed to timely commence a new trial of defendant and granted defendant's motion to quash. The State then filed the instant appeal.

## STATEMENT OF FACTS[1]

Around 9:00 p.m. on March 26, 2012, Jamond Rougeau and Latrell Davis were riding around the Sherwood Forest area of Baton Rouge in Rougeau's vehicle. Davis directed Rougeau to pick up defendant from a nearby Jack in the Box restaurant. Rougeau complied, and the three men continued to ride around the area together. At some point, Rougeau pulled his vehicle onto a side street, potentially because of car trouble. Shortly after Rougeau pulled his vehicle onto this street, defendant shot both Rougeau and Davis. Rougeau drove his car to his

---

[1] Because the facts of the underlying offenses have not changed and are not determinative in the instant appeal, they are taken from this court's prior opinion in Revish, 185 So. 3d at 10.

aunt's home on Gerald Street, called 911, and ultimately survived his injuries. Davis eventually died as a result of having been shot twice in the head. Rougeau later identified defendant in a photographic lineup as the individual who had shot him and Davis.

## DISCUSSION

In its sole assignment of error, the State contends the trial court erred in granting defendant's motion to quash, asserting the State timely instituted its retrial of defendant. Specifically, the State contends that the Supreme Court's denial of writs reset the time limitation to institute prosecution. The State reasons it had two years from the Supreme Court's denial of writs to prosecute defendant. The State further argues that its ongoing discovery obligations had the effect of indefinitely suspending the time period to institute trial. The State further contends that even assuming that the State only had one year from the Supreme Court's ruling, defendant's failure to object to the trial court's *ex proprio motu* continuance and setting of the trial date beyond that year waived any subsequent timeliness claim. The State alleges the three motions to quash filed by the defense[2] ultimately extended the State's period to try defendant until November 2019.

Defendant argues in response that the State's interpretation of the operation of LSA-C.Cr.P. art. 582 is in error, and that the State did not commence trial within the year it was allowed following the Supreme Court's ruling in May 2016. Defendant also argues that the discovery motions filed during the original trial were deemed abandoned when he failed to have the matters set for hearing prior to trial. He further claims that the State's Brady obligation is not "a discovery obligation," but instead is a constitutional and ethical duty that the State cannot "hide behind to allow for an indefinite suspension on its time limitations to bring [him] to trial." Finally, defendant asserts he filed no preliminary pleas that would

---

[2]The defense filed three motions to quash during the proceedings on remand.

3

have suspended the time limitations of LSA-C.Cr.P. art. 582, and that the trial court's *ex proprio motu* motion to continue was not for defendant's benefit, and therefore did not have the consequence of interrupting or suspending the time limitations provided in LSA-C.Cr.P. art. 582. Defendant posits that although he concedes participating in several joint motions to continue, because those continuances did not have the effect of changing the trial date, they did not count as preliminary pleas under LSA-C.Cr.P. art. 580.

When a trial court rules on a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion. See State v. Cooper, 2018-0175 (La. App. 1st Cir. 9/24/18), 260 So. 3d 594, 595. However, a trial court's legal findings are subject to a *de novo* standard of review. State v. Roach, 2010-0991 (La. App. 1st Cir. 12/22/10), 68 So. 3d 558, 560, writ denied, 2011-1913 (La. 2/3/12), 79 So. 3d 1025. More specifically, when a defendant brings an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation such that prescription will not have tolled. State v. Rome, 93-1221 (La. 1/14/94), 630 So. 2d 1284, 1286; State v. Reed, 2016-1201 (La. App. 1st Cir. 4/12/17), 218 So. 3d 729, 731. The trial court cannot give the State "the benefit of the doubt," but must require the State to prove suspension or interruption of the time delays if the prosecution takes place beyond the statutory delays. See State v. Morris, 99-3235 (La. 2/18/00), 755 So. 2d 205 (per curiam).

A judgment rendered by the Supreme Court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application for rehearing has been made. LSA-C.Cr.P. art. 922(B). See State ex rel. Hensley v. State, 2003-1691 (La. 6/4/04), 876 So. 2d 78. Louisiana Code of Criminal Procedure article 578(A)(2) provides that no trial in a non-capital felony case shall

be commenced after two years from the date of the institution of the prosecution. When a defendant obtains a new trial or there is a mistrial, the State must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer. LSA-C.Cr.P. art. 582. The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the State must commence the new trial within one year from the date the cause of interruption no longer exists. LSA-C.Cr.P. art. 583.

The prescriptive periods to commence trial may be interrupted, as noted above, or they may be suspended. An interruption of prescription occurs when a defendant cannot be tried because his presence for trial cannot be obtained by legal process, or for "any other cause beyond the control of the [S]tate." LSA-C.Cr.P. art. 579(A)(2); See State v. Brown, 451 So. 2d 1074, 1079 (La. 1984). Once the cause of interruption no longer exists, the time limit begins anew. See LSA-C.Cr.P. art. 579(B). In contrast, LSA-C.Cr.P. art. 580 provides when a defendant files a preliminary plea, the time limits set forth in Article 578 are suspended until the ruling of the court; but in no case shall the State have less than one year after the ruling to commence the trial. A preliminary plea is any pleading or motion filed by the defense, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars, which has the effect of delaying the trial. State v. Brooks, 2002-0792 (La. 2/14/03), 838 So. 2d 778, 782 (per curiam). Joint motions to continue likewise suspend the period of limitation. State v. Shabazz, 2014-0431 (La. App. 1st Cir. 11/7/14), 167 So. 3d 725, 734. Further, a preliminary plea is one filed after prosecution is instituted and before the trial that causes the trial to be delayed. State v. Elfert, 247 La. 1047, 1052-1053, 175 So. 2d 826, 828 (1965). Finally, the provisions of LSA-C.Cr.P. art. 582 must be read and applied together

5

with LSA-C.Cr.P. arts. 578, 580, 581, and 583. State v. Falkins, 395 So. 2d 740, 741 (La. 1981).

The Louisiana Supreme Court denied the State's writ application on May 20, 2016. Thus, this court's decision remanding the case for a new trial became final on June 3, 2016, after the delay for seeking a rehearing of the Supreme Court's decision had run. See Brown, 451 So. 2d at 1077. At a status hearing in the trial court on June 27, 2016, the trial court granted a joint continuance for status until August 29, 2016, and set trial for December 5, 2016. At the August 29, 2016 status hearing, the December 5, 2016 trial date was maintained. Thereafter, the record indicates the following sequence of events:

- On December 5, 2016, the trial court, *ex proprio motu,* ordered a continuance of the trial date until June 5, 2017.
- On May 25, 2017, during a status hearing, the June 5, 2017 trial date was converted to a status hearing on joint motion.
- On June 5, 2017, again on joint motion, the status hearing was continued until July 13, 2017.
- On July 13, 2017, in response to defendant filing a pro se motion to quash[3] on July 5, 2017, the trial court set a hearing on the motion to quash for September 14, 2017, and on motion of the State, continued the trial date to October 30, 2017.
- On September 14, 2017, the trial court denied defendant's pro se motion to quash[4] and granted defendant's motion for continuance, apparently for a status hearing, until October 30, 2017.
- On October 30, 2017, during a status hearing, the State and defendant filed a joint motion to continue the status hearing to November 20, 2017.[5]

_____

[3]The pro se motion contested the legality of the prosecution under a claim of both double jeopardy as well as untimely prosecution.

[4]The Supreme Court did not consider the application for supervisory review wherein defendant sought relief directly in that Court. State v. Revish, 2018-1182 (La. 9/28/18), 252 So. 3d 920.

[5]The October 30, 2017 minute entry recites November 2, 2017 as the continuance date; however, whether the October 30, 2017 minute entry contains a typographical error or not, the effect remains the same. Defendant consented to the continuance until the next court setting.

- On November 20, 2017, the matter was again reset for a status hearing on January 25, 2018, and for trial on June 4, 2018, on joint motion of the State and defendant.

- On January 25, 2018, the State successfully motioned the trial court for a continuance of the status hearing until February 9, 2018.

- On February 9, 2018, defendant sought, and received, a continuance of the trial date until June 4, 2018.

- On June 4, 2018, the court once again *ex proprio motu* continued the trial until November 5, 2018.

- On July 10, 2018, defendant filed a second pro se motion to quash.

- On October 22, 2018, the trial court denied defendant's second pro se motion to quash the day trial was scheduled to commence, i.e., November 5, 2018.

- On November 5, 2018, the trial court apparently sought to reconsider its denial of the pro se motions to quash and ordered a third *ex proprio motu* continuance for a ruling on the motion to quash until November 9, 2018.

- On November 7, 2018, defendant filed a counseled motion to quash.

- On November 9, 2018, the trial court vacated its previous ruling denying defendant's motion to quash and granted defendant's motion to quash.

At the November 9, 2018 hearing, defendant essentially argued the State had until May 20, 2017 to bring defendant to trial under operation of LSA-C.Cr.P. art. 582. According to defendant, none of the continuances or defense filings served as preliminary pleas that would have suspended the running of the time limitation to institute trial. The State, however, interpreted LSA-C.Cr.P. art. 582 as allowing it two years to commence the new trial against defendant because the two-year time delay provided in LSA-C.Cr.P. art. 578 is longer than the otherwise applicable one-year time delay referenced in Article 582. Therefore, the State argued it had until May 20, 2018 to institute trial. The State further asserted that there were

7

several suspensions of the running of the time limitations as a result of defendant's pro se motions to quash, resulting in the continued legitimacy of the prosecution.

The trial court found that through application of LSA-C.Cr.P. art. 583, LSA-C.Cr.P. art. 579 only interrupts the time limitations on trial in very limited circumstances, none of which it found to exist in the instant case. The court further found that by the time the Supreme Court rendered its decision, the time limitation under Article 578 was "no longer available," so the State was left with only the additional year provided under Article 582 to commence trial. The trial court then noted that defendant's motion to quash was filed after the one-year time limitation had already expired. Additionally, the trial court ruled that it would not "hold" defendant's second motion to quash "against" him when it determined the defendant's first motion to quash should have been granted.

We agree that defendant was entitled to rely upon LSA-C.Cr.P. arts. 582 and 922, which, when read together, require the commencement of a second trial within one year from the date when the order for a new trial becomes final. The trial court was correct in finding that defendant's new trial did not "restart" the prescriptive period of LSA-C.Cr.P. art. 578 as the State contends. Preliminary motions, such as a motion to quash, filed by defendant after the year expired would not have suspended the prescriptive period. Moreover, Article 580's provision affording the State a year after the district court rules on a preliminary plea to commence trial does not operate to revive the limitation period after it expires. State v. Roach, 2016-0734 (La. App. 4th Cir. 5/10/17), 2017 WL 1927840, at *13; see also State v. Creel, 525 So. 2d 734, 736 (La. App. 1st Cir. 1988) (holding that numerous motions filed by defendant after the time limitation for trial had expired could not operate to suspend the prescriptive period). However, it is apparent through inspection of the pleadings and proceedings and review of the record that

8

the trial court erred when it stopped its analysis there. See LSA-C.Cr.P. art. 920(2).

In State v. Rogers, 2010-0834 (La. App. 1st Cir. 10/29/10), 2010 WL 4272849, at *5, this court reversed the district court's ruling granting a motion to quash after discovering, upon a mere inspection of the record, that outstanding motions were filed by defendant for a preliminary examination, discovery, and to suppress evidence, which "served as preliminary pleas for the purpose of suspending the time limitations for commencement of the trial." Noting that LA-C.Cr.P. art. 920 requires consideration of such errors, this court reversed the trial court's granting of defendant's motion to quash despite the State having failed to raise the existence and legal consequences of the outstanding motions filed by defendant in the district court or on appeal.

Moreover, the Louisiana Supreme Court has held that although resetting status conferences may have no impact on a trial date and therefore does not invariably provide the State with an additional year to bring a defendant to trial, when the State's ability to prosecute the case is hindered, such an extension is appropriate. See Brooks, 838 So. 2d at 783-84. Thus, to the extent that a continuance requested or joined in by defendant can be viewed as hindering the State's ability to prosecute the case, the State would be entitled to a minimum of one year from the trial court's ruling on the continuance request to commence the new trial. See LSA-C.Cr.P. art. 580(A).

In the instant matter, when the Louisiana Supreme Court's decision to deny the State's writ application became final on June 3, 2016, the State had until June 3, 2017, to commence a new trial, absent any interruption or suspension. See Brown, 451 So. 2d at 1077; see also LSA-C.Cr.P. art. 922(B). On remand, the matter was initially set for a December 5, 2016 trial, but the trial court, *ex proprio*

9

*motu*, continued the trial to June 5, 2017,[6] a date beyond the June 3, 2017 deadline for commencing trial. Neither side objected, but on May 25, 2017, the State and the defense jointly agreed to convert the June 5, 2017 trial date to a status hearing. Thus, the timeliness of the State's prosecution hinges on whether the defense's action on May 25, 2017, can be viewed as delaying trial or affecting the State's ability to prosecute in any respect. See Brooks, 838 So. 2d at 782-83.

In State v. Fish, 2005-1929 (La. 4/17/06), 926 So. 2d 493 (per curiam), the Supreme Court found that where the State and the defense mutually agreed to a trial date beyond the prescriptive deadline for commencing trial, the parties' action established grounds for suspension for purposes of Article 580. Specifically, the court found that the parties' agreement directly affected the State's ability to bring the case to trial in a timely manner. Fish, 926 So. 2d at 495. Similarly, the parties' action in this case of agreeing to convert the June 5, 2017 trial date to a status conference can also be viewed as affecting the State's ability to bring the case to trial in a timely manner.

Thus, finding that the parties' mutual agreement on May 25, 2017, to convert the June 5, 2017 trial date to a status hearing, which we conclude extended the time delay herein for commencing trial, together with the subsequent defense and joint motions to continue, as well as the motions to quash filed by defendant, all had the effect of further extending that time delay. As the latest of those actions was a counseled motion to quash, which was ruled on by the trial court on November 9, 2018, the time delay for the State to commence the new trial was consequently extended to November 9, 2019. Hence, we find the trial court abused its discretion in granting the motion to quash herein.

---

[6]From the minutes, we observe that the *ex proprio motu* continuance was ordered by an *ad hoc* judge.

10

## CONCLUSION

For the above and foregoing reasons, the trial court's ruling on the motion to quash is reversed; defendant's motion to quash is denied; and the matter is remanded to the trial court for further proceedings.

**TRIAL COURT'S RULING ON MOTION TO QUASH REVERSED; DEFENDANT'S MOTION TO QUASH IS HEREBY DENIED; REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0423

STATE OF LOUISIANA

VERSUS

NICHOLAS REVISH

**GUIDRY, J., dissents and assigns reasons.**

**GUIDRY, J., dissenting.**

I respectfully dissent from the opinion of the majority for the following reasons. Inherent in the trial court's decision in this matter is its determination that its *ex propio motu* order setting the trial date beyond the one-year statutory time period was not an action by the defendant nor for his benefit, or agreed to by him. The state was the party that should have objected to this setting, but failed to do so. Also inherent in the trial court's decision is that it did not find that the May 25, 2017 joint motion to convert the trial date to a status hearing served as a retroactive agreement by the defendant to the trial date that had previously been set by the court beyond the allowed period of time.

These findings by the trial court should not be reversed in the absence of a clear abuse of the trial court's discretion. It was the state's heavy burden to prove that there was a suspension or interruption of the time delays, and I cannot say that the trial court erred in finding that it did not meet that burden, especially in light of the state's failure to object to the trial court's setting of the date beyond the year limitation in the first place.

For these reasons, I respectfully dissent.