## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KA 0426R

STATE OF LOUISIANA

VERSUS

JAMES BOURGEOIS

Judgment Rendered: **NOV 1 6 2021**

\* \* \* \* \* \*

Appealed from the
Seventeeth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket Number 569593
Honorable Steven M. Miller, Judge Presiding

\* \* \* \* \* \*

Kristine Mr. Russell
District Attorney
Joseph S. Soignet
Jason Chatagnier
Assistant District Attorneys
Thibodaux, Louisiana

Counsel for Appellee
State of Louisiana

Thomas M. Calogero
Metairie, Louisiana

Counsel for Defendant/Appellant
James Bourgeois

Eric J. Santana
Metairie, Louisiana

Mark D. Plaisance
Marcus J. Plaisance
Prairieville, Louisiana

\* \* \* \* \* \*

**BEFORE: GUIDRY, WELCH, AND WOLFE, JJ.**

**GUIDRY, J.**

Defendant, James Bourgeois, was charged by bill of information with filing or maintaining a false public record, a violation of La. R.S. 14:133. He pled not guilty. After a trial by jury, defendant was unanimously found guilty as charged. The trial court imposed a suspended sentence of three years imprisonment at hard labor, with two years of active probation. Defendant appealed. This court found the evidence was insufficient to sustain the verdict, so we reversed defendant's conviction and vacated the sentence. State v. Bourgeois, 19-0426 (La. App. 1st Cir. 6/17/20), 306 So. 3d 465 (Welch, J., dissenting). The State sought writs, and the Louisiana Supreme Court reversed this court's decision, finding the evidence introduced by the State was sufficient for the jury to rationally find that defendant had abandoned his domicile in Lafourche Parish and established a new domicile in Jefferson Parish by the time he filed his election qualifying form. The court then remanded the case to this court to consider the assignments of error in defendant's appeal that had been pretermitted. State v. Bourgeois, 20-00883, p. 7 (La. 5/13/21), 320 So. 3d 1047, 1052 (per curiam). For the following reasons, we affirm defendant's conviction and sentence.

## STATEMENT OF FACTS

On December 2, 2015, defendant filed a notice of candidacy qualifying form with the Lafourche Parish Clerk of Court to run for a vacant position on the Lafourche Parish Council. The Lafourche Parish Home Rule Charter requires that a candidate for the council be a qualified elector who has been domiciled in the district in which he seeks election for at least one year prior to the end of the qualifying period. Defendant was elected to the council in April of 2016. In 2017, the District Attorney received a complaint that defendant was not living in his district and had not been domiciled in Lafourche Parish for the year before he

qualified for candidacy, which ultimately resulted in the conviction challenged herein.

## ASSIGNMENT OF ERROR # 1: MOTION IN LIMINE

In his first assignment of error, defendant argues the trial court erred when it denied his motion in limine, and subsequent objections at trial, regarding the State's presentation of evidence and testimony involving events occurring after December 2, 2015, the date defendant filed his notice of candidacy qualifying form. He asserts the only evidence relevant to his domicile is the evidence that existed prior to the date he filed the notice of candidacy qualifying form, because intent is formed at the time of the offense.

In response, the State argues the evidence of how defendant lived after the December 2, 2015 filing date was relevant to establish a continued pattern of behavior indicating defendant's ongoing intent to abandon his domicile in Lafourche Parish. The State highlights the Louisiana Supreme Court's consideration of evidence of defendant's post-qualifying behavior in that court's opinion. The State concludes that the evidence was relevant and highly probative because defendant's continued commuting from Metairie, rather than from "his more convenient Raceland property," demonstrated his intent to maintain a *"de facto"* domicile in Metairie.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. All relevant evidence is admissible, unless subject to a constitutional, statutory, or codal exclusion. La. C.E. art. 402. The trial court enjoys broad discretion in admitting or excluding evidence on relevancy grounds. Under La. C.E. art. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." State v. Dressner, 08-1366, p. 15

3

(La. 7/6/10), 45 So. 3d 127, 138, cert. denied, 562 U.S. 1271, 131 S.Ct. 1605, 179 L.Ed.2d 500 (2011). Absent a clear abuse of discretion, rulings on relevancy of evidence should not be disturbed on appeal. State v. Anthony, 98-0406, p. 16 (La. 4/11/00), 776 So. 2d 376, 387, cert. denied, 531 U.S. 934, 121 S.Ct. 320, 148 L.Ed.2d 258 (2000).

In denying defendant's motion in limine, the trial court ruled it would address objections as they arose regarding events occurring after December 2, 2015. At trial, the court held some events were relevant and others were not. Throughout the trial, the court found information and testimony the State sought to introduce showing defendant's intentions regarding his domicile as relevant.

Additionally, the supreme court, in finding the State had presented evidence sufficient to support the conviction, cited evidence occurring *before* December 2015.[1] Specifically, the court noted the Jefferson Parish registration of defendant's 2015 truck, defendant's 2014 Lafourche Parish utility bills, the August 2015 burglary of defendant's property, and his statement to police that "he wasn't living at the house for a while and was thinking about having it demolished." Bourgeois, 20-00883 at 4-5, 320 So. 3d at 1050-51. Following the burglary, defendant moved the majority of his remaining guns to Jefferson Parish. Defendant's children attended school in Jefferson Parish during 2015. In summary, the court held:

> [D]efendant's daily routine before and at the time he filed his qualifying form supports the jury's conclusion that defendant intended to abandon his Lafourche Parish domicile in favor of living with his family in the Jefferson Parish home.

Id. at 5, at 1051.

Defendant is correct when he explains the post-qualifying conduct was not criminal and not an integral part of the offense charged. Specifically, defendant

---

[1] We recognize that in citing this evidence, the supreme court was not making a judgment about the validity of the trial court's admission of post-qualification evidence.

4

posits that "[t]here is no connexity between the 2015 qualifying date and 2017 travel."

The crux of the matter before us is the admission of "benign acts" as opposed to "bad acts." As noted above, the analysis for the admission of otherwise innocuous evidence falls under La. C.E. arts. 401-403 and the wide discretion permitted trial courts to make those determinations. See Dressner, 08-1366 at 15, 45 So. 3d at 138. This being the case, the trial court did not err when it admitted into evidence details regarding non-criminal acts that were probative as to defendant's knowledge or absence of mistake when he chose to file false documents to qualify for an elected office in Lafourche Parish after having changed his domicile to Jefferson Parish. The post-qualification evidence presented at trial was relevant to and supported defendant's conviction, while also not being unduly prejudicial. La. C.E. arts. 402 and 403.

Additionally, though not directly applicable here, the law of other crimes evidence is instructive. Louisiana Code of Evidence article 404(B) provides narrow exceptions for the introduction of "bad acts" evidence that may otherwise unduly prejudice the defendant, but is so probative as to be admissible. See State v. Coleman, 14-0402, pp. 68-69 (La. 2/26/16), 188 So. 3d 174, 222-23, cert. denied, ___ U.S. ___, 137 S.Ct. 153, 196 L.Ed.2d 116 (2016) (citing La. C.E. art. 404(B)); see also State v. Taylor, 01-1638, p. 17 (La. 1/14/03), 838 So. 2d 729, 745, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004) ("Although all evidence of other crimes is prejudicial to defendant, the other crimes evidence was necessary to give the jury a complete picture of the events which gave rise to the instant offense and led to the defendant's ultimate arrest along with a context within which to evaluate defendant's assertions . . . ."); State v. Swan, 18-0320, p. 27 (La. App. 1st Cir. 12/17/18), 2018 WL 6599023, at *15 (unpublished), writ denied, 19-0151 (La. 5/20/19), 271 So. 3d 1270 ("Res

gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the State could not accurately present its case without reference to them."). Moreover, even bad acts occurring after the offense can still be relevant, not unduly prejudicial, and therefore admissible. See State v. Altenberger, 13-2518, p. 11 (La. 4/11/14), 139 So. 3d 510, 517 (per curiam) ("[T]he mere fact this criminal conduct occurred after the underlying offense does not preclude its admission or detract from its relevance in [regard] to the numerated exceptions of La. C.E. art. 404(B)."). As this exception exists for other crimes evidence, which has long been recognized as posing a "substantial risk of grave prejudice to a defendant" by presenting the offender in a bad light,[2] we see no reason for holding evidence without such potential inadmissible for similar purposes as allowed under La. C.E. art. 404(B).

Furthermore, even if admitted in error, the introduction of additional, consistent, and cumulative post-qualifying 2015 evidence did not have such a prejudicial effect on the jury so as to unduly influence its verdict. See State v. Stockstill, 19-01235, p. 7 (La. 10/1/20), ___ So. 3d ___, 2020 WL 6145223, at *4 (per curiam) ("Erroneous admission of evidence requires reversal only where there is a reasonable possibility that the evidence might have contributed to the verdict."). Consequently, the trial court did not abuse its considerable discretion, and this assignment of error is without merit

## ASSIGNMENT OF ERROR # 2: IMPROPER JURY CHARGE.

In his second assignment of error, defendant argues the trial court improperly instructed the jury as to the definition of "domicile." After being charged and during deliberations, the jury asked for the definition of the word three

---

[2] See State v. Prieur, 277 So. 2d 126, 128 (La. 1973). It has commonly been recognized that other crimes evidence has the potential to portray the offender as a bad person or a person of criminal character. See Altenberger, 13-2518 at 7-8, 139 So. 3d at 515; see also Taylor, 01-1638 at 17, 838 So. 2d at 745 ("[A]ll evidence of other crimes is prejudicial to defendant").

separate times. Defendant concedes no objection was made to the jury instructions as originally given, but defense counsel did object upon the third jury request when counsel realized that the words "in place" had been added to the instructions that were read to the jury.

The State contends that defendant waived the error by not objecting to the instruction before it was read to the jury. The State further contends that the trial court's addition of the words "in place" did not rise to a misstatement of the law nor "was it likely to mislead the jury on the definition of domicile."

Pursuant to La. C.Cr.P. art. 802(1), the court shall charge the jury as to the law applicable to the case. Louisiana Code of Criminal Procedure article 807 provides, in pertinent part, "[t]he State and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun." It further provides, "[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."

The ruling of the trial court on an objection to a portion of its charge to the jury will not be disturbed unless the disputed portion, when considered in connection with the remainder of the charge, is shown to be both erroneous and prejudicial. State v. Owens, 03-2838, p. 4 (La. App. 1st Cir. 9/17/04), 888 So. 2d 239, 241, writ denied, 04-2807 (La. 3/11/05), 896 So. 2d 64. Some erroneous jury instructions are subject to harmless error review. State v. Frank, 09-2273, p. 6 (La. App. 1st Cir. 9/10/10), 2010 WL 3518055, at *3 (unpublished), writ denied, 11-0270 (La. 2/3/12), 79 So. 3d 322; see also State v. Jynes, 94-0745, pp. 14-15 (La. App. 5th Cir. 3/1/95), 652 So. 2d 91, 98. The question becomes whether it appears beyond a reasonable doubt the erroneous instruction did not contribute to the jury's

7

finding of guilt or whether the error is unimportant in relation to everything else the jury considered, as revealed in the record. See State v. Cooper, 05-2070, p. 9 (La. App. 1st Cir. 5/5/06), 935 So. 2d 194, 200, writ denied, 06-1314 (La. 11/22/06), 942 So. 2d 554. Stated another way, the appropriate standard for determining harmless error is whether the guilty verdict was surely unattributable to the jury charge error. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993); State v. Revish, 15-0470, 15-0471, p. 10 (La. App. 1st Cir. 11/9/15), 185 So. 3d 8, 15, writ denied, 15-2247 (La. 5/20/16), 191 So. 3d 1066 ("The question becomes whether it appears beyond a reasonable doubt that the erroneous instruction did not contribute to the jury's finding of guilt or whether the error is unimportant in relation to everything else the jury considered[.]"); State v. Mickey, 14-1471, p. 5 (La. App. 1st Cir. 4/29/15), 2015 WL 2062562, at *2 (unpublished), writ denied, 15-1077 (La. 4/15/16), 191 So. 3d 1034.

The trial court gave the following jury instruction regarding domicile:

> Under Louisiana law, domicile is defined as a person's principal or habitual place of residence. Domicile essentially consists of two elements, namely residence and the intent to remain **in place**.
>
> Residence and domicile are not synonymous. A person can have several residences but only one domicile. A person may reside in several places but may not have more than one domicile. In the absence of a habitual residence, any place of residence may be considered one's domicile at the option of persons whose interests are affected. Spouses may either have a common domicile or separate domiciles. [Emphasis added.]

During deliberations, the jury asked three more times for the definition of "domicile." In its second request for the definition of "domicile," the jury asked that the definition be provided in writing, and the trial court denied the request. The third time the jury requested the definition, defendant objected to the inclusion of "in place" following "intent to remain." After observing that the language had

8

been agreed upon after "conferences, plural" and further finding the words to be "surplusage," the trial court read aloud the same jury instruction again.

As an initial matter, as acknowledged by defendant, he did not object to the jury instruction on domicile before it was first read. The State filed three proposed instructions regarding domicile with the court on September 10, 2018, the first day of trial. Defendant only contested the language regarding witness credibility and truthfulness. The failure to make a contemporaneous objection to jury instructions waives review of those jury instructions on appeal. See La. C.Cr.P. arts. 801(C) and 841; State v. Williams, 17-0585, p. 4 (La. App. 1st Cir. 11/16/17), 236 So. 3d 604, 607. However, jury instructions may be reviewed on appeal despite the lack of a contemporaneous objection when the alleged error violates a fundamental due process right. State v. McCasland, 16-1178, p. 13 (La. App. 1st Cir. 4/18/17), 218 So. 3d 1119, 1129, writ not considered, 17-0823 (La. 3/2/18), 269 So. 3d 706. As no fundamental due process right was violated, defendant arguably waived the claim by untimely objecting to the instruction after it had already been twice provided to the jury.

Here, even assuming arguendo that defendant did not waive his complaint by not objecting to the alleged erroneous instruction until after it had already been read to the jury twice, he does not show how the inclusion of the words "in place" rendered the guilty verdict attributable to the "surplusage." The trial court's jury instruction is consistent with Louisiana jurisprudence. See Landiak v. Richmond, 05-0758, pp. 8-9 (La. 3/24/05), 899 So. 2d 535, 542. It is without question that the determination of the jury hinged on the meaning of the word "domicile"; however, the State's contention, supported by testimony and other evidence adduced at trial, indicated defendant's ongoing intention to remain in Metairie, even if he continued to own and visit the Raceland address. As found by the Louisiana Supreme Court, the State presented evidence sufficient to find defendant had purposefully changed

his domicile to habitually reside with his second wife and their respective children. See Bourgeois, 20-00883 at 5, 320 So. 3d at 1051. Defendant fails to show how the inclusion of the two words, "in place" undermines confidence in the jury's conclusion. The trial court did not err, and this claim is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**